UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH CARE PLAN,
OPERATING ENGINEERS' LOCAL 324 VACATION
& HOLIDAY FUND, OPERATING ENGINEERS'
LOCAL 324 APPRENTICESHIP FUND, and
OPERATING ENGINEERS' LOCAL 324 DEFINED
CONTRIBUTION PLAN,
Trust Funds Established and Administered           CASE NO. 10-10841
Pursuant to Federal Law,                           HON. AVERN COHN

    Plaintiffs,

v.

FERGUSON'S ENTERPRISES, INC.,
a Michigan corporation, and
BOBBY W. FERGUSON, individually,

    Defendants.
_____/

## MEMORANDUM AND ORDER DENYING
## DEFENDANT'S MOTION FOR RECONSIDERATION (DOC. 40)

### I. Introduction

This is an ERISA[1] case. The Trustees of the Operating Engineers' Local 324 Pension Fund, Operating Engineers' Local 324 Vacation & Holiday Fund, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local Apprenticeship Fund, and Operating Engineers' Local 324 Defined Contribution Plan (collectively Trustees) sued Ferguson Enterprises and Bobby Ferguson to recover delinquent fringe benefit contributions. (Doc. 1).

---

[1] Employees Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.

Trustees filed a motion for summary judgment (Doc. 29). After briefing and oral argument, the Court issued a memorandum and order granting Trustees' motion and entered a judgment in the amount of $162,424.51. (Docs. 37, 38). The judgment reflected an award of the delinquent contributions and liquidated damages for late payments and an audit. Trustees subsequently filed a motion to collect double interest and attorney's fee pursuant to 29 U.S.C. §1132(g)(2). The Court granted Trustees request for attorney's fees, denied its request for double interest, and amended the judgment to exclude liquidated damages for the cost of the audit. (Doc. 46, 47).

Now before the Court is Ferguson's motion for reconsideration (Doc. 40), which asks the Court to review its decision finding Bobby Ferguson personally liable. For the reasons that follow, the motion is **DENIED**.

## II. Legal Standard

Local Rule 7.1(g)(3) explains that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled bust also show that correcting the defect will result in a different disposition of the case."

## III. Discussion

Contrary to the dictates of Local Rule 7.1(g)(3) Ferguson's motion for reconsideration merely reasserts the position advocated during summary judgment proceedings: the Trustees must show Bobby Ferguson "purposefully diverted" funds as a prerequisite to personal liability. The Court considered and rejected this argument.

Ferguson's other argument attempts to take the word "withholding" from the Court's Memorandum and Order Granting Plaintiff's Motion for Summary Judgment (Doc. 37) out of context to fashion an new rule of law.  The reading Ferguson advances is inconsistent with the Court's memorandum and order.  As the Trustees correctly point out, the law of this district is: unpaid contributions become plan assets when the contributions become due.  *See e.g. Iron Workers' Local No. 25 Pension Fund et. al. v. McGuire Steel Erection, Inc.*, 352 F.Supp.2d 794, 804 (E.D. MI 2004).  Whether the fringe benefit is "withheld" from (as is the case with the vacation fund) or owed in addition to wages is of no moment.  Ferguson has not advanced a new argument or demonstrated the presence of a palpable defect.

**SO ORDERED**.

Dated:  February 29, 2012            s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Wednesday, February 29, 2012, by electronic and/or ordinary mail.

                                     s/Julie Owens
                                     Case Manager, (313) 234-5160