UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH CARE PLAN,
OPERATING ENGINEERS' LOCAL 324 VACATION
& HOLIDAY FUND, OPERATING ENGINEERS'
LOCAL 324 APPRENTICESHIP FUND, and
OPERATING ENGINEERS' LOCAL 324 DEFINED
CONTRIBUTION PLAN,
Trust Funds Established and Administered                    CASE NO. 10-10841
Pursuant to Federal Law,                                   HON. AVERN COHN

   Plaintiffs,

v.

FERGUSON'S ENTERPRISES, INC.,
a Michigan corporation, and
BOBBY W. FERGUSON, individually,

   Defendants.
_____/

## MEMORANDUM AND ORDER AMENDING JUDGMENT (DOC. 47)

### 1.  Introduction

This is an ERISA case. Plaintiffs, the Trustees of the Operating Engineers'

Local 324 Pension Fund, Operating Engineers' Local 324 Vacation & Holiday Fund,

Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local

Apprenticeship Fund, and Operating Engineers' Local 324 Defined Contribution Plan

(collectively Trustees) ask the Court to reconsider its Memorandum and Order Granting

in Part and Denying in part Plaintiff's Motion for the Mandates of 29 U.S.C. §1132(g)(2).

(Doc. 45). Trustees sued defendants Ferguson Enterprises and Bobby Ferguson (FE)

for delinquent ERISA contributions. (Doc. 1). Trustees filed a motion for summary

judgment (Doc. 29). After briefing and oral argument, the Court granted the Trustees' motion and entered a judgment in the amount of $162,424.51. (Docs. 37, 38).

Following the entry of judgment, the Trustees filed a motion for the mandates of 29 U.S.C. §1132(g)(2) (Doc. 39). The Trustees said they were entitled to double interest on the judgment and attorney's fees. The Court granted the request for attorney's fees and denied the request for double interest on the basis that FE had remitted the unpaid contributions prior to the entry of judgment.[1] This was incorrect; FE paid nothing to the Trustees. Accordingly, the Trustees moved for reconsideration. (Doc. 49). For the reasons that follow, the Court will amend the judgment (Doc. 47) to include recovery pursuant to §1132(g)(2).

## II.

The Court read FE's Response to the Trustees Motion for the Mandates of §1132(g)(2) (Doc. 42) to say that FE paid the delinquent contributions prior to the entry of judgment. FE's response stated:

> [h]owever, it would appear that at least the $35,949.17 [late fees on the unpaid contributions] is based on late payments that were paid before judgment was entered by this Court and therefore not awardable…All payments were paid prior to the Judgment being entered on January 3, 2012.

FE then cited a Sixth Circuit case, *Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 388-89 (6th Cir. 1991), which stands for the proposition that a defendant can avoid double interest by remitting delinquent contributions prior to judgment. *Michigan Carpenters* holds that whether or not a

---

[1] Additionally the Court reduced the judgment to eliminate the Trustees claim for liquidated damages for the cost of the audit. The Trustees said they were entitled to the cost; FE did not object. However, the collective bargaining agreement does not provide for audit liquidated damages.

contribution is "unpaid" and therefore subject to the mandates of §1132(g)(2) is measured at the time of judgment. However, despite FE's statement that "all payments were paid prior to the Judgment," the Trustees were paid nothing. The Trustees suggest that FE was referring to something other than the $115,026.53, which is the subject of this suit.

In any event, there were unpaid contributions at the time the judgment was entered. The Trustees are entitled to collect the double interest as provided by §1132(g)(2). The Trustees calculate the interest as of December 31, 2011, in the amount of $63,255.22. (Doc. 39 ex. 4). §1132(g)(2) allows the plaintiff to collect liquidated damages provided under the contract no greater than 20% of the unpaid contributions or double interest, whichever is greater. In this case, double interest is the greater of the two. §1132(g)(2)(c)(i).

The final issue that merits reconsideration is the award of late payment liquidated damages. In the Amended Memorandum and Order Granting in Part and Denying in Part the Trustees Motion for the Mandates of 29 U.S.C.§1132(g)(2) (Doc. 46) the Court explained:

> [w]ith respect to the liquidated damage provisions keyed to "unpaid contributions" the remedy offered by §1132(g) is exclusive. *Michigan Carpenters,*[ 933 F.2d 376, 389 (6th Cir. 1991)]. However, when §1132(g) does not apply, parties may contract for liquidated damages, so long as those damages do not operate as a penalty. *Id.*

Accordingly, because §1132(g)(2) is an exclusive remedy the Trustees cannot collect late payment liquidated damages, the Court will enter an amended judgment as follows:

1.  Unpaid Contributions:                          $115,026.56

2.  Attorney's Fees:                               $22,679.50

3.  Double interest under §1132(g)(2)(c)(i)   $63,255.22
                                              _____
                        Total          $200,961.28


**SO ORDERED.**


Dated:  April 9, 2012                    s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Monday, April 9, 2012, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5160